# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 2002 C 5357 | DATE | 10/30/02 |
| CASE TITLE | Jackey L. Bond (IDOC # N-98148) v. Dr. Aguinaldo, et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Pursuant to initial review under 28 U.S.C. § 1915A the court dismisses defendants Welsh, Springborn, Walls, Briley, Pursell, Flagg, Pierce, and Snyder. The clerk is directed to issue summons to defendants Aguinaldo, Smith, Miller, Garcia, Doughty, Gonzales, Mitchell and Borkowski, and the United States Marshals Service is appointed to serve them. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed.R.Civ.P. 4(d)(2) before attempting personal service on defendants. The clerk is directed to send plaintiff copies of the court's filing instructions and consent to the jurisdiction of a U.S. Magistrate Judge together with a copy of the Memorandum Opinion and Order.

(11) ■ For further detail see order attached to the original minute order.

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 31 2002 | 6 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials MP | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACKEY L. BOND, )
)
    Plaintiff, )
)
    v. ) No. 02 C 5357
)
DR. AGUINALDO, et al., ) Judge Elaine E. Bucklo
)
    Defendants. )

DOCKETED
OCT 31 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Jackey L. Bond, a prisoner at Stateville Correctional Center, filed suit under 42 U.S.C. § 1983, alleging that neglect of his medical conditions amounts to cruel and unusual punishment in violation of the Eighth Amendment. Bond names as defendants medical and administrative officials at Stateville and Pinckneyville correctional centers.

Bond seeks leave to proceed without prepayment of the filing fee. Court records show, however, that Bond has filed three federal actions that have been dismissed for failure to state a claim upon which relief may be granted.[1] Under the "three strikes" rule enacted by the Prison Litigation Reform Act (PLRA), Bond may not proceed without prepayment of the filing fee unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As Bond alleges that his medical problems are serious and ongoing and causing him severe pain, the court finds he meets this standard for pleading purposes, and grants his renewed motion for leave to proceed without prepayment. The court will enter a separate order assessing the initial partial payment of the filing fee required by 28 U.S.C. § 1915(b)(1) and ordering installment payments as required by 28 U.S.C. § 1915(b)(2).

Only Bond's claim that he is presently being denied medical care permits him to invoke the "imminent danger" exception to the "three strikes" rule. Clearly, "[b]y using the term "imminent,"

---

[1] *See Bond v. Steigman*, No. 95 C 4681 (N.D. Ill.), dismissed September 25, 1995 by Judge Castillo; *Bond v. Bosse*, No. 98 C 3033 (C.D. Ill.), dismissed April 23, 1998 by Judge Mills; and *Bond v. Little*, No. 99 C 3310 (C.D. Ill.), in which Judge Scott granted a motion to dismiss on February 6, 2001. None of these dismissals has been reversed on appeal, although an appeal in No. 98 C 3310 is pending.

Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001). Nevertheless, the language of the exception does not state that only those defendants directly responsible for the "imminent danger of serious physical injury" may be sued in a suit allowed to proceed under the exception, and the court has found no authority so holding.

All of Bond's claims address the same conditions for which he is presently being denied care, and the court accordingly finds that Bond may proceed not only against those defendants responsible for his present treatment at Stateville, but against those responsible for his treatment during his earlier sojourns at both Stateville and Pinckneyville as well. If defendants contend that the scope of this suit should be limited to Bond's present medical needs, they may move the court, citing relevant authority.

Under 28 U.S.C. § 1915A, another provision of the PLRA, the court is required to review complaints filed by prisoners against governmental entities or their officers or employees and dismiss any portion of the complaint it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. In determining whether the complaint states a claim upon which relief may be granted, the court applies the standard employed in deciding a motion to dismiss under Rule 12(b)(6), taking all well-pleaded allegations of the complaint as true and viewing them in the light most favorable to the plaintiff. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

Bond alleges that when he was transferred to Stateville July 7, 1999, he suffered from back pain but was told by defendant Dr. Aguinaldo that there was nothing wrong with him. Sometime later he developed hoarseness, but Dr. Aguinaldo only told him to stop talking. Bond states that in October of 2000 he was seen by an E.N.T. (ear, nose and throat) specialist who found cysts on his vocal cords that he believed to be caused by acid reflux from Bond's stomach to his esophagus. Bond was also seen by a "voice specialist" who told him that until the acid reflux problem was solved he could do nothing for him. Dr. Joseph Smith, the medical director, and Barbara Miller, the health-care unit administrator, ignored Bond's requests for treatment of acid reflux as recommended by the E.N.T. specialist. Bond's grievances were denied by Stateville's grievance

officer, two successive assistant wardens, and the warden, and the denial was upheld by the Director of the Illinois Department of Corrections.

On February 7, 2001, Bond was transferred to Pinckneyville Correctional Center, where Drs. Garcia and Doughty also refused to carry out the treatment recommended by the specialist. As at Stateville, the health-care unit administrator, Christine Mitchell, did not intervene, and Bond's grievances were denied by grievance officer Wilbur Gene Pursell, Assistant Warden Julius Flagg, and Warden Guy D. Pierce. Again, IDOC Director Snyder upheld the denial.

On February 27, 2002, Bond was returned to Stateville. On March 5, 2002, he asked medical technician Mike Borkowski to put him on the sick-call list, saying that his throat was sore from acid reflux and he was experiencing excruciating pain in his back, but Borkowski refused. A few days later Bond wrote Dr. Kevin Smith, the medical director, asking to be seen, but received no response. On March 19, Bond again asked Borkowski to be put on the list, but Borkowski again refused. Bond alleges that up to the date of the complaint, July 8, 2002, he has been denied medical attention.

In order to be liable under 42 U.S.C. § 1983 for denying a prisoner appropriate medical care, a prison official must have been deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Because deliberate indifference requires actual knowledge of a serious risk of harm, Bond may not sue the non-medical personnel who denied his grievances. Except in the unusual case where it would be evident to a layperson that a prisoner is receiving inadequate or inappropriate treatment, prison officials may reasonably rely on the judgment of medical professionals. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3rd Cir. 1993); *Williams v. Cearlock*, 993 F.Supp. 1192 (C.D. Ill. 1998); *McEachern v. Civiletti*, 502 F.Supp. 532, 534 (N.D. Ill. 1980)(Aspen, J.)("[Defendants] are prison administrators, not licensed medical practitioners. Lacking the requisite expertise, they must necessarily place their confidence in the reports of the prison doctors whenever an inmate disputes a medical opinion as to what treatment is necessary and proper."). The complaint does not permit the inference that the non-medical defendants to whom Bond complained actually knew that his treatment was medically inappropriate, and consequently they cannot be liable.

The court accordingly dismisses Grievance Officer Judy Welsh, Assistant Wardens Jerry Springborn and Jonathan Walls, and Warden Kenneth Briley, all of whom denied Bond's grievances at Stateville, their counterparts at Pinckneyville, Grievance Officer Wilbur Gene Pursell, Assistant Warden Julius Flagg and former Warden Guy D. Pierce, as well as IDOC Director Snyder, who approved the final decision of the Administrative Review Board denying review. Bond may proceed against the remaining defendants.

The clerk is directed to issue summons to defendants Aguinaldo, Smith, Miller, Garcia, Doughty, Gonzales, Mitchell and Borkowski, and the United States Marshals Service is appointed to serve them. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed.R.Civ.P. 4(d)(2) before attempting personal service on defendants.

Bond is instructed to file all papers concerning this action with the clerk of court in care of the prisoner correspondent. Bond must send an exact copy of any filing to defendants or, if represented by counsel, to defendants' counsel, and must include with the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned.

**ENTER ORDER:**

_____
**ELAINE E. BUCKLO**
United States District Judge

Dated: October 30, 2002