# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5357 | **DATE** | 5/29/2003 |
| **CASE TITLE** | Bond vs. Dr. Aguinaldo, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendant, Dr. Alfred Garcia's motion to dismiss for failure to state a claim and on th grounds of quality immunity.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 7 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 3 0 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 49 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/29/2003 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACKEY L. BOND,           )
                          )
         Plaintiff,       )
                          )
    v.                    )    No. 02 C 5357
                          )
DR. AGUINALDO, et al.,    )
                          )
         Defendants.      )

DOCKETED
MAY 30 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Jackey Bond, a state inmate at Stateville Correctional Center in Joliet, acting *pro se*, sued various physicians and prison officials under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs in violation of his Eighth and Fourteenth Amendment rights. Dr. Alfred Garcia now moves to dismiss for failure to state a claim and on the grounds of qualified immunity. I deny the motion.

I. Background

On a motion to dismiss, I take all allegations in the complaint as true. *Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.3d 397, 401 (7th Cir. 1996). The relevant facts as alleged by Mr. Bond are as follows. When Mr. Bond was first transferred to Stateville in 1999, he complained of back and throat pain that went untreated by other defendants not party to this motion. In October of 2000, he saw an ear, nose and throat (E.N.T.) specialist who found two cysts on his vocal chords and indicated that he was

49

regurgitating acid from his stomach that was eating away at the lining in his throat. The E.N.T. specialist prescribed Tagamet for Mr. Bond and suggested that he see a gastroenterologist if his acid reflux problem did not improve. Mr. Bond also saw a "voice specialist" who likewise recommended seeing a gastroenterologist, because until the acid reflux problem was solved, there was nothing he could do for Mr. Bond's throat.

In February 2001, Mr. Bond was transferred to Pinckneyville Correctional Center. While there, Mr. Bond saw Dr. Garcia. Mr. Bond alleges that Dr. Garcia failed to respond to his requests for treatment and ignored the recommendations of the E.N.T. and voice specialists at Stateville that Mr. Bond see a gastroenterologist. Mr. Bond alleges that Dr. Garcia told him he would simply have to live with the cysts, acid reflux, and back pain for the rest of his life. Mr. Bond alleges that his throat condition worsened, and that he can hardly swallow or talk. In February 2002, Mr. Bond was returned to Stateville.

## II.  Failure to State a Claim

Dr. Garcia argues that Mr. Bond's complaint fails to state a claim upon which relief can be granted. A claim may be dismissed "only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)

(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). *Pro se* complaints are liberally construed. *Id.*

Prison officials violate the Eighth Amendment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This standard encompasses two elements: whether the prisoner's medical need was sufficiently serious, and whether the official acted with a sufficiently culpable state of mind, i.e., deliberate indifference. *Id.* Dr. Garcia argues that Mr. Bond fails to adequately allege either element.

Dr. Garcia first argues that while back pain, acid reflux, and sore throat may cause discomfort, they are not "serious" as a constitutional matter. While it is true that there are any number of maladies too trivial to implicate Eighth Amendment concerns, "given the liberal standards governing federal notice pleading (particularly in conjunction with the leniency with which *pro se* complaints must be evaluated), the 'seriousness' determination will often be ill-suited for resolution at the pleading stage." *Id.* at 1372 n.7. This case presents no exception. The only case cited by Dr. Garcia on this point, *Davis v. Jones*, 936 F.2d 971 (7th Cir. 1991), is completely inapposite.[1] Further, the Seventh Circuit

---

[1] *Davis* involved the question whether police officers who had refused to take an arrestee immediately to the hospital after suffering an elbow scrape and a one-inch cut on his temple during

noted that in *Estelle*, the inmate alleged only back injury, and that "the Court never questioned that the inmate's allegations of severe pain from his back injury were sufficiently serious to support his Eighth Amendment claim." *Gutierrez*, 111 F.3d at 1370-71. Mr. Bond's allegations of back and throat pain are sufficient to support a claim of serious medical need.

Dr. Garcia also argues that Mr. Bond "has failed to demonstrate" that Dr. Garcia acted with deliberate indifference to Mr. Bond's medical need. (Def.'s Mem. Supp. Mot. Dismiss at 6.) Dr. Garcia's claim that Mr. Bond "has failed to demonstrate" deliberate indifference as well as Dr. Garcia's citations to cases involving motions for summary judgment show a misunderstanding of what is required of Mr. Bond at this stage of litigation. To survive a motion to dismiss for failure to state a claim, "a pleading need contain only enough to allow the defendant[] to understand the gravamen of the plaintiff's complaint." *Scott v. City of Chicago*, 195 F.3d 950, 952 (7th Cir. 1999) (internal quotation omitted). Deliberate indifference is a subjective standard, requiring that an official "know[] of and disregard[] an excessive risk to inmate health." *Farmer v. Brennan*, 511 U.S. 825,

---

the arrest violated his due process rights. Not only did *Davis* not involve the Eighth Amendment issues presented here, it did not even hold that a scrape and small cut are, as a matter of law, not serious injuries. It held only that "[t]he evidence [was] too thin to allow a reasonable inference that [the arrestee's] wounds appeared serious." 936 F.2d at 972.

837 (1994).² Construed liberally, Mr. Bond's complaint alleges that Dr. Garcia was aware of Mr. Bond's medical condition and failed to adequately address it. Under the liberal federal notice pleading rules, this is a sufficient allegation of deliberate indifference to support Mr. Bond's claim. *See Bond v. Aguinaldo*, No. 02 C 5357, 2003 WL 1898510, at *1 (N.D. Ill. Apr. 17, 2003) (Bucklo, J.) (finding that Mr. Bond's complaint adequately alleged deliberate indifference to serious medical need against two other doctors at Pinckneyville).

### III. Qualified Immunity

Qualified immunity protects government officials[3] from civil liability when performing discretionary functions so long as their conduct does not violate clearly established constitutional rights. *Alvarado*, 267 F.3d at 652 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Because a qualified immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate. *Id.* at 651-52 ("Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground for dismissal."). Mr. Bond is not required to plead facts that anticipate and overcome a

---

[2] While *Farmer* was a case alleging deliberate indifference in failing to protect a plaintiff from assault by other inmates, it has been held to apply to medical treatment cases as well. *See, e.g., Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

[3] Private parties acting under government contract may also assert qualified immunity in certain cases. *Williams v. O'Leary*, 55 F.3d 320, 323-24 (7th Cir. 1995).

defense of qualified immunity. *Id.* Here, he has adequately alleged that Dr. Garcia acted with deliberate indifference to his serious medical needs, which is an allegation of conduct that violated a clearly established constitutional right. Because the record requires further development of the seriousness of Mr. Bond's medical needs and whether Dr. Garcia acted with deliberate indifference to those needs, dismissal on the grounds of qualified immunity is inappropriate here. *See McCutcheon v. Sood*, No. 99 C 0932, 1999 WL 966118, at *3 (N.D. Ill. Oct. 8, 1999) (Aspen, J.) (rejecting qualified immunity defense at pleading stage because plaintiff sufficiently alleged denial or delay of medical treatment, which is a clearly established constitutional violation).

## IV. Conclusion

Dr. Garcia raises legitimate arguments regarding the seriousness of Mr. Bond's medical needs, whether Dr. Garcia acted with deliberate indifference to those needs, and whether Dr. Garcia is entitled to qualified immunity. As these arguments are all premature at this stage of the litigation, however, Dr. Garcia's motion to dismiss is DENIED.

ENTER ORDER:

*Elaine L Bucklo*

---
**Elaine E. Bucklo**
United States District Judge

Dated: May 29, 2003

6